IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIEKO McLAFFERTY, Individually and on Behalf of All Other Persons Similarly Situated | : : : : : | CIVIL ACTION |
| v. | : : : : | |
| DEUTSCHE LUFTHANSA A.G., et al. | : | NO. 08-1706 |

**MEMORANDUM AND ORDER**

M. FAITH ANGELL                                                                        October 14, 2008
UNITED STATES MAGISTRATE JUDGE

This case was referred to me by the Honorable Louis H. Pollak for resolution of all non-dispositive pretrial matters by Order dated April 10, 2008. *See* Docket Entry No. 2. Presently before me is Defendants' request to stay discovery in the above-captioned action and Plaintiffs' opposition thereto. On October 2, 2008, a Hearing was held to address this request.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff has instituted this action against Deutsche Lufthansa A.G., Societe Air France, Koninklijke Luchtvaart Maatschappij N. V., and Alitalia Linee Aeree Italiane S.P. A. claiming that Defendants violated Section 1 of the Sherman Act, 15 U.S.C. §1. He alleges that Defendants and their co-conspirators engaged in a continuing agreement, understanding and conspiracy in restraint of trade to artificially raise, fix, maintain or stabilize prices of European-Japanese Passenger Air Transportation in the United States. *See* Complaint ¶25.

Defendants have filed a Motion to Dismiss, which is now fully briefed and pending before Judge Pollak. *See* Docket Entries Nos. 40, 41, and 50. In addition, at the Rule 16 Preliminary

Pretrial Conference I held, it was brought to my attention that there is an ongoing investigation by the European Commission in regard to potential violations of Article 81 in connection with international airline passenger services.

Plaintiff has requested discovery of documents seized by the European Commission during its investigation of these alleged violations. Defendants maintain that all discovery in this matter should be stayed at least until Judge Pollak rules on the pending Motion to Dismiss. They also ask that, if the motion is denied, the stay not be lifted until the parties have the opportunity to revisit the status of the Commission's investigation.

## II.  DISCUSSION

It is well settled that the Court has the inherent authority to control the disposition of cases on its own docket. *See In Re Plastics Additives Antitrust Litigation*, 2004 WL 2743591 *5 (E.D.Pa. November 29, 2004).

> [T]he Supreme Court said "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." The Court emphasized the need to adapt judicial processes to varying conditions, and said that in cases of exceptional public interest, individual litigants might be required to "submit to delay not immoderate in extent and not oppressive in its consequences."

*Cheyney State College Faculty, et al. v. Hufstedler, et al.*, 703 F.2d 732, 737-738 (3d Cir. 1983) (*quoting Landis v. North American Company*, 299 U.S. 248, 254-255, 57 S.Ct. 163, 165-166, 81 L.Ed. 163 (1936)). "[T]he decision whether to grant a stay must be made on a case-by-case basis". *In Re Plastics Additives Antitrust Litigation*, 2004 WL 2743591 at *5. In determining whether a stay

is appropriate, the Court looks at five competing interests:

> (1) interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;
>
> (2) burden which any particular aspect of the proceedings may impose on defendants;
>
> (3) convenience of the court in the management of its cases, and the efficient use of judicial resources;
>
> (4) interests of persons not parties to the civil litigation; and
>
> (5) interest of the public in the pending civil and criminal litigation.

*Id.*

Defendants argue in their motion to dismiss that "under Rule 8(A)(2) and *[Bell Atlantic Corp. v.] Twombly,* [127 S.Ct. 1955 (2007)][1], Plaintiff's cursory allegations do not plead facts sufficient to state a claim". Memorandum of Law in Support of Defendants' Motion to Dismiss at 5. Whether their argument holds true, or not, is for Judge Pollak to decide. It will be his decision which will decide if this matter will go forward or stop in its tracks. In any event, it is within my discretion to stay discovery pending his decision, and I will do so.

Defendants' motion to dismiss is fully briefed before Judge Pollak at this time. The delay

---

[1] As the Supreme Court of the United States explains:

> This case presents the antecedent question of what a plaintiff must plead in order to state a claim . . . .. Federal Rule of Civil procedure 8(a)(1) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corporation, et al. v. Twombly, et al.*, 127 S.Ct. 1955, 1964-1964 (2007) (internal citations omitted).

3

experienced by Plaintiffs occasioned by a stay of discovery pending its resolution will do little to prejudice Plaintiffs at this point in the proceedings, nor will it place a burden on Defendants. Indeed, delaying discovery until the Court can determine whether or not Plaintiffs have pled the facts necessary to proceed with the claim, may help to streamline the expensive discovery process, and, thereby, minimize the burden on counsel, parties and the Court. I find the burden on non-parties due to a stay of discovery to be minimal as well, and public interest considerations would, in fact, benefit from a stay during which the Court will carefully consider the issues pled in the Complaint.

### III.  CONCLUSION

For the reasons stated above, Defendants' request for a stay of discovery pending the resolution of their motion to dismiss will be granted.[2]

---

[2] Upon the resolution of Defendants' Motion to Dismiss, the issue of the European Commission's pending investigation may be revisited.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIEKO McLAFFERTY, Individually and on Behalf of All Other Persons Similarly Situated | : : : : : : : : | CIVIL |
| v. | | |
| DEUTSCHE LUFTHANSA A.G., et al. | : | NO. 08-1706 |

## ORDER

AND NOW, this 14th day of October, 2008, after conducting a Hearing with counsel in the above-captioned action, it is hereby **ORDERED**, that:

1. Discovery is STAYED pending the disposition of Defendants' Motion to Dismiss.

2. A **Telephone Status Conference** is scheduled for **December 16, 2008**, at **10:30 a.m.** to discuss the status of the matter and how best to proceed towards its resolution. Plaintiff's counsel shall initiate this conference call to (215) 597-6079.

BY THE COURT:


S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
211 Robert N. C. Nix, Sr. Federal Building
900 Market Street
PHILADELPHIA, PENNSYLVANIA  19107

**Chambers of**
**M. FAITH ANGELL**                                      P:   (215) 597-6079
United States Magistrate Judge                            F:   (215) 580-2165

*FAX / MAIL COVER SHEET*

CASE NO:   08-1706                              DISTRICT COURT JUDGE: LP

TODAY'S DATE:   October 14, 2008                LAW CLERK'S INITIALS:  LFS

**VIA FAX;**

| NAME: | FAX NUMBER: |
|---|---|
| 1.  Howard J. Sedran, Esq.<br>    Charles C. Sweedler, Esq. | (215) 592-4663 |
| 2.  David McLafferty, Esq. | (610) 940-4007 |
| 3.  David W. Ogden, Esq.<br>    Rachel Z. Stutz, Esq.<br>    Eric J. Mahr, Esq. | (202) 663-6363 |
| 4.  James E. Robinson, Esq. | (215) 701-2073 |
| 5.  James R. Warnot, Jr., Esq.<br>    Ruth E. Harlow, Esq. | (212) 903-9100 |
| 6.  Jeremy A. Rist, Esq. | (215) 832-5361 |
| 7.  William H. Roberts, Esq. | (215) 569-5555 |
| 8.  Gary A. MacDonald, Esq. | (202) 393-5760 |
| 9.  Jeff VanHooreweghe, Esq. | (202) 661-0564 |
| 10. Eugene Massamillo, Esq. | (212) 922-0530 |
| 11. Richard A. Walker, Esq.<br>    Paul H. Kuznetsky, Esq. | (312) 345-3119 |
| 12. Joseph L. Turchi, Esq. | (215) 606-6601 |